CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Office of the Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RALPH HOWARD BLAKELY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PATRICK PETERSON, PA-C and<br>DEBORAH J. TONHOFER, M.D.,<br><br>　　　　　　　　Defendants. | NO. 2:18-cv-0081-TOR<br><br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR**<br>**December 24, 2019 at 6:30 pm**<br>**WITHOUT ORAL ARGUMENT** |

　　The Defendants respectfully move the court for an order granting Defendants' Motion for Summary Judgment. This motion is filed pursuant to Fed.R.Civ.P. 56 and is supported by the following Memorandum.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT
NO. 2:18-cv-0081-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# MEMORANDUM

## I. INTRODUCTION

The Plaintiff, Ralph Blakely, is an 83-year-old inmate housed at the Airway Heights Corrections Center. Blakely filed a 42 U.S.C. §1983 complaint claiming that the Defendants were deliberately indifferent to his medical needs when they determined in January 2018 that the use of a wheelchair was no longer medically necessary. Blakely claims that due to his previous reliance on the "as needed" use of the wheelchair, he became dependent "on having a wheel chair for his pain with ambulation and to minimize the risk of falls." Blakely asserts that walking exacerbates his pain to the point where he will forgo meals or mail call due to pain in his back and legs. Blakely requests injunctive relief requiring the Defendants provide him with a wheelchair and also damages. ECF No. 32.

The Defendants now move for summary judgment as there are no genuine issues of material fact to support Blakely's deliberate indifference claim. In addition, the Defendants are entitled to qualified immunity.

## II. ISSUES PRESENTED

**1. Blakely fails to allege a viable Eighth Amendment claim as his allegations amount to nothing more than a difference in medical opinion.**

**2. The Defendants are entitled to qualified immunity.**

///

///

///

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

## III. ARGUMENT

### A. Summary Judgment Standard of Review

A motion for summary judgment should be granted where "there is no genuine issue of material fact or if reasonable minds could reach only one conclusion on that issue based upon the evidence in the light most favorable to the nonmoving party." *Weatherbee v. Gustafson*, 64 Wash. App. 128, 131, 822 P.2d 1257 (1992) (citing *Sea-Pac Co. v. United Food & Comm'l Workers Local Union 44*, 103 Wash.2d 800, 802, 699 P.2d 217 (1985)); *see* Fed. R. Civ. P. 56. The party seeking summary judgment must show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To determine if summary judgment is appropriate, the Court must consider whether a particular fact is material and whether there is a genuine dispute as to that fact left to be resolved. Factual disputes that do not affect the outcome of the suit under governing law will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the non-moving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 324; *see also Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

Once the moving party has carried its burden, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

574, 586 (1986). "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). The Ninth Circuit has expressly stated that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988). Genuine issues of material fact are not raised by conclusory or speculative allegations. *Lujan*, 497 U.S. at 871. The purpose of summary judgment is not to replace conclusory allegations in pleading form with conclusory allegations in an affidavit. *Lujan*, 497 U.S. at 888; *cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**B. Blakely Fails to Present a Genuine Issue of Material Fact to Support a Viable Claim Under the Eighth Amendment**

Blakely alleges the Defendants are failing to provide him with medically necessary access to a wheelchair. To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274,

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. *Farmer*, 511 U.S. at 838-40. It is only "'the unnecessary and wanton infliction of pain' … [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). Moreover, "[it] is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).

///

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

The objective component of an Eighth Amendment claim requires that the deprivation must be "sufficiently serious." *Farmer*, 511 U.S. at 833. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' … are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective component relates to the defendant's state of mind, and requires deliberate indifference. *Farmer*, 511 U.S. at 833. To withstand summary dismissal, a prisoner must not only allege he was subjected to unconstitutional conditions, he must allege facts sufficient to indicate that the officials were deliberately indifferent to his complaints. *Id.* The subjective prong or second requirement that must be shown before an Eighth Amendment violation can be found is that the prison official must have a "sufficiently culpable state of mind." *Id.* "To be cruel and unusual, a punishment must involve more than an ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 833 (citing *Wilson*, 501 U.S. at 302-303) (other citations deleted).

In order to present a viable deliberate indifference claim, Blakely must do more than allege he does not agree with the Defendants' current treatment plan of monitoring his condition and providing him with the use of a walker. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

In addition, a failure or refusal to provide medical care constitutes an Eighth Amendment violation only under exceptional circumstances that approach failure to provide care at all. *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971). To prevail on an Eighth Amendment medical claim, Blakely must show "more than a 'difference of medical opinion' as to the need to pursue one course of treatment over another …." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Blakely must show that a course of treatment the doctors chose was medically unacceptable under the circumstances, and he must show that they chose this course in conscious disregard of an excessive risk to his health. *Id.* Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to an Eighth Amendment claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970). Prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1967).

However, Blakely fails to show the Defendants are deliberately indifferent to his serious medical needs and his allegations are nothing more than a mere difference in opinion regarding his treatment. Blakely's records show a history of walking distances and for long periods of time without the need for a wheelchair.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

7

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1 In addition, his claims of falling without the use of the wheelchair have not been
2 supported by subsequent medical exams or review of surveillance video. Although
3 use of a wheelchair may be medically appropriate, it is not medically necessary.
4 Blakley has been provided with a wheeled walker with a seat and has demonstrated
5 his ability to use the walker. As long as Blakely is capable of walking, his overall
6 wellbeing will be improved by continuing to walk as opposed to the routine use of
7 a wheelchair. Sawyer Dec., Exhibit 1. Because the current treatment decisions are
8 medically acceptable and the record establishes that neither of the Defendants were
9 in conscious disregard of an excessive risk to Blakely's health, his claim should be
10 dismissed with prejudice.

### C. Defendants Are Entitled to Qualified Immunity

To defeat a defense of qualified immunity, Blakely must show first that he suffered a deprivation of a constitutional or statutory right; and second that the right was clearly established at the time. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). Failing at either one, negates Blakely's claim. *Id*. at 1090. The "key question is whether the defendants should have known that their specific actions were unconstitutional given the specific facts under review." *Id*. at 1090.

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, --- U.S. ---, 135 S. Ct. 2042, 2044 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664). Existing precedent must have "placed beyond debate the unconstitutionality of" the officials' actions, as those actions unfolded in the

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT
NO. 2:18-cv-0081-TOR

8

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

specific context of the case at hand. *Taylor*, 135 S. Ct. at 2044. Smith must prove that "precedent on the books" at the time the officials acted "would have made clear to [them] that [their actions] violated the Constitution." *Id.* at 2045.

Moreover, "[t]his inquiry 'must be undertaken in light of the *specific context of the case, not as a broad general proposition.*' "*Mullenix v. Luna*, --- U.S. ---, 136 S. Ct. 305, 308 (2015) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)). According to the Supreme Court, state officials are entitled to qualified immunity so long as "none of our precedents 'squarely governs' the facts here," meaning that "we cannot say that only someone 'plainly incompetent' or who 'knowingly violate[s] the law' would have ... acted as [the officials] did." *Hamby*, 821 F. 3d at 1091 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

As discussed above, Blakely has failed to demonstrate a constitutional violation. In *Saucier*, the Supreme Court held that officers (albeit police officers in that case) who make "reasonable mistakes as to the legality of their actions" can invoke qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 206 (2001). Blakely argues that the Defendants had an obligation to conduct assessments before rescinding his access to a wheelchair. However, the record reflects the decisions to replace the wheelchair with use of a wheeled walker are based on direct observations of Blakely and supported by clinical examination findings. Blakely's complaint is devoid of any facts to show either of these Defendants were in violation of a clearly established law and the Defendants reasonably believed their actions were lawful. Therefore, Defendants are entitled to qualified immunity.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

9

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# IV. CONCLUSION

Defendants respectfully request that this Court dismiss Blakely's claims with prejudice because he fails to create a genuine issue of material fact to support a viable deliberate indifference claim. Alternatively, the Defendants believed their actions were lawful and are entitled to qualified immunity.

DATED this 4th day of November, 2019.

ROBERT W. FERGUSON
Attorney General

s/ Candie M. Dibble
CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
Candie.Dibble@atg.wa.gov

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendants' Motion for Summary Judgment to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

JEFFRY K. FINER    jeffry@finerwinn.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 4th day of November, 2019, at Spokane, Washington.

s/ Patty Willoughby
PATTY WILLOUGHBY
Legal Assistant III
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
Patty.Willoughby@atg.wa.gov

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 2:18-cv-0081-TOR

11

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123