UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RALPH HOWARD BLAKELY,<br><br>    Plaintiff,<br><br> v.<br><br>PATRICK PETERSON, PA-C, and<br>DR. DEBORAH J. TONHOFER,<br><br>    Defendants. | NO: 2:18-CV-0081-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Patrick Peterson and Dr. Deborah J. Tonhofer's Motion for Summary Judgment (ECF No. 45). The matter was submitted without a request for oral argument. Plaintiff is represented Jeffry K. Finer. Defendants are represented by Candie M. Dibble. The Court has reviewed the record and files therein, and is fully informed. For the reasons discussed below, Defendants' Motion is **granted**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

**BACKGROUND**

Plaintiff Ralph Blakely is an 83-year-old inmate of the Washington State Department of Corrections housed at the Airway Heights Corrections Center ("AHCC"). ECF No. 45 at 2. Defendants Patrick Peterson and Dr. Deborah J. Tonhofer are medical staff working at AHCC.

In short, Plaintiff was "authorized to use a wheelchair due to instability and pain in his back and lower limbs" sometime around 2014. ECF No. 32 at 2, ¶ 3.2. However, "[o]n or about January 23, 2018, Defendant Tonhofer and Defendant Peterson discontinued Mr. Blakely's authorization for a wheelchair." ECF No. 32 at 3, ¶ 3.4. Plaintiff was provided with a wheeled walker, instead.[1] Plaintiff asserts that, without a wheelchair, moving about causes "undue pain" and puts him at risk of permanent injury from falls. ECF No. 32 at 2-3. According to Plaintiff, this constitutes cruel and unusual punishment and Defendants are liable under 42 U.S.C. § 1983.

---

[1] Plaintiff complains that his walker was removed when its authorization expired. ECF No. 32 at 6, ¶ 3.20. Plaintiff's Response only asserts "[t]his suit seeks an order to issue [Plaintiff] a medical order for a wheelchair" and does not raise the issue of the walker being taken away. ECF No. 52 at 2. Accordingly, Plaintiff has waived this claim.

Plaintiff filed this suit, *pro se*, on March 5, 2018, requesting the Court order the return of his wheelchair. ECF No. 1. Plaintiff has since obtained counsel and filed a second amended complaint. *See* ECF No. 32. Plaintiff seeks damages and injunctive relief in the form of a court ordered wheelchair. *Id*. Defendants now move for summary judgment against Plaintiff's claims. ECF No. 45. This Motion is now before the Court.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.* Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Id*. at 322.

Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id*. at 252.

## DISCUSSION

Defendants assert that Plaintiff cannot show Defendants acted with deliberate indifference or that Plaintiff is suffering from a serious medical condition. ECF No. 45. Plaintiff argues there is a genuine issue of material fact as to whether Plaintiff needs a wheelchair due to his pain when walking and standing and that Defendants "deliberately ignored" his "likely level of pain . . . when making their medical recommendations." ECF No. 52 at 6.

"Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (quoting *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989)). This is a stringent standard:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).

The plaintiff may show the "defendant's response to the need was deliberately indifferent . . . by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citation omitted). However, a mere "difference of opinion does not amount to a deliberate indifference to [the inmate's] serious medical needs." *Vild*, 891 F.2d at 242 (quoting *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981)).

Plaintiff alleges that "Defendants consciously or with reckless disregard of the consequences did not recognize Mr. Blakely's reasonable medical need for a wheelchair" because "medical professionals determined Plaintiff had shown signs of malingering in the past". ECF No. 32 at 4-5, ¶¶ 3.11-3.13. Plaintiff asserts that

Defendants know this is not enough to discredit Plaintiff's claimed need of a wheelchair. ECF No. 32 at 4-5, ¶¶ 3.12-3.13. In other words, Plaintiff contends that Defendants simply disregarded his complaints because he had a history of lying, but the evidence does not support this theory.

Defendants did not simply ignore Defendant's complaints because he had a history of lying. Rather, medical staff deemed the wheelchair was not medically necessary because Plaintiff *exhibited conduct* that was inconsistent with his claims of pain. As succinctly explained in a response to a grievance filed by Plaintiff:

> Your grievance concerning the denial of your wheelchair was investigated by HSM2 Evans and you were interviewed to gather the facts surrounding this complaint. This investigation included a review of your medical file, electronic files (OMNI), and a case discussion with the AHCC Facility Medical Director. Your statements of pain in various areas of your body to include knee, hip, shoulder, and ribs cannot be substantiated. Custody staff notified Medical on 1/22/18 that you had an offender aid push you to the yard and then were observed walking without assistance during the entire yard time (an hour) without instability or observable weakness. . . . Consequently, a wheelchair was deemed to be not medically necessary. . . . You are encouraged to report any new or worsening symptoms if and as they occur[.]

ECF No. 54 at 32[2]; *see also* ECF No. 56 (detailing numerous instances where Plaintiff's conduct was inconsistent with his complaints and instances where

---

[2] The response further details incidents where Plaintiff exhibited an ability to ambulate and allegedly faked falls, but these occurred after the complained-of withholding of the wheelchair.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

Plaintiff was on video faking falls). There is no evidence in the record that Defendants did not, in good faith, believe Plaintiff's witnessed mobility precluded a finding that the wheelchair was medically necessary pursuant to Department of Corrections criteria. *See* ECF No. 47-1 (August 2019 report maintaining position that wheelchair was not medically necessary).

Plaintiff contends that a wheelchair is medically necessary due to his level of pain when walking and provided an opinion by a third-party physician from September 2019, which could be read as suggesting the use of a wheelchair to avoid "undue pain". *See* ECF No. 54 at 51 ("If it is the patient's choice, it seems reasonable for the patient to utilize a wheelchair. . ."). Even medical necessity does not create an Eighth Amendment violation on its own. Indeed, Defendants concede that "a wheelchair may be medically appropriate [or reasonable], [but] it is not medically necessary." ECF Nos. 45 at 8; 56 at 4. Contrary to Plaintiff's contentions, this does not create a genuine issue of fact. At most, this may establish a genuine issue as to whether Plaintiff suffers from a serious medical issue, but it is not material because Plaintiff has not presented evidence that Defendants were deliberately indifferent to Plaintiff's needs.

In sum, the only evidence on the record is that Defendants withheld Plaintiff's wheelchair because Plaintiff exhibited conduct inconsistent with his claimed pain. There is nothing to suggest Defendants were deliberately indifferent

to his needs—they just did not believe he had such needs because of his history of lying and his documented and observed activities without a wheelchair. Without any evidence of deliberate indifference, Defendants are entitled to summary judgment. Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

Without an Eighth Amendment violation, injunctive relief is unavailable. While Defendants also seek qualified immunity, without an Eighth Amendment violation, that issue is moot.

**Revocation of In Forma Pauperis Status**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court

hereby revokes Plaintiff's *in forma pauperis* status.  If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Patrick Peterson and Dr. Deborah J. Tonhofer's Motion for Summary Judgment (ECF No. 45) is **GRANTED**.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Clerk is directed to enter this Order, enter judgment for Defendants, provide copies to counsel, and **close** the file.

DATED January 27, 2020.



THOMAS O. RICE
Chief United States District Judge